# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND**, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br>620 F Street, N.W.<br>Washington, D.C. 20004,<br><br>         **Plaintiff,**<br><br>   v.<br><br>**MASONRY CONTRACTING CORPORATION**<br>1970 N. Cleveland-Massillon Road, #224<br>Bath, Ohio 44210<br><br>  Serve: Statutory Agent<br>     Matthew J. Birch<br>     1798 Great Run Lane<br>     Akron, Ohio 44333<br><br>         **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

## PARTIES

1. Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Pension

Fund is administered at 620 F Street, N.W., in Washington D.C.  The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Defendant Masonry Contracting Corporation is an Ohio corporation located at 1970 N. Cleveland-Massillon Road, #224, in Bath, Ohio 44210, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for other appropriate equitable relief.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Masonry Contracting Corporation has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 5 Ohio, and International Union of Bricklayers and Allied

Craftworkers Local Union No. 7 Ohio ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of employees performing work for the Defendant.

7. Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiff for all hours of work it performed covered by the Collective Bargaining Agreements.

8. During the months of July 2017 through the present, the Defendant performed work covered by the Collective Bargaining Agreements.

9. During the months of July 2017 through September 2017, and May 2018 through December 2018, Defendant has reported but failed to pay all amounts owing to Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10. During the months of January 2019 through the present, Defendant has failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

11. During various months within the period October 2017 through November 2018, Defendant reported but failed to timely pay all amounts owing to Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

13. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

14. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

15. Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT I

### (REPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

16. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in this Count I.

17. During the months July 2017, September 2017, and May 2018, Defendant reported, but failed to pay, contributions owing to the Plaintiff for work it performed within Local 5 OH, cover group 1, which is covered by the Collective Bargaining Agreements, in the amount of $1,335.28. In addition, the Defendant has failed to pay interest owed on these amounts at the rate

of 15% per annum from the date due of each monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

18. During the months August 2017 and May 2018 through December 2018, Defendant reported, but failed to pay, contributions owing to the Plaintiff for work it performed within Local 7 OH, cover group 1, which is covered by the Collective Bargaining Agreements, in the amount of $166.91. In addition, the Defendant has failed to pay interest owed on these amounts at the rate of 15% per annum from the date due of each monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

19. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

20. Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## **COUNT II**

### **(UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)**

21. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in this Count I.

22. During the months of January 2019 through the present, the Defendant has failed to report and pay all contributions owing to the Plaintiff for covered work it performed within Local 5 OH, cover group 1, and Local 7 OH, cover group 1, which is covered by the Collective Bargaining Agreements.

23. Because Defendant has failed to comply with its duty to submit monthly hour remittance reports, Plaintiff has been required to estimate the amount of contributions due by Defendant for covered work performed to date.

24. The most recent 12 months for which Defendant reported hours to the Plaintiff for covered work performed in Local 5 OH, cover group 1 was January 2018 through December 2018.

25. During these 12 months, Defendant reported a total of 9,514 hours, or an average of 792.83 hours per month for covered work performed in Local 5 OH, cover group 1.

26. The applicable contribution rate payable to the Plaintiff for work performed in Local 5 OH, cover group 1, during the period of January 2019 through May 2019 was $1.52 per hour, and during the period June 2019 through the present is $1.60 per hour.

27. The Defendant therefore owes estimated monthly contributions of $1,205.10 per month during each month from January 2019 through May 2019, and estimated monthly contributions of $1,268.53 per month during each month from June 2019 through the present. Defendant therefore owes the Plaintiff $7,294.04 (($1,205.10 x 5 months) + ($1,268.54 x 1

month)) in estimated contributions for covered work performed during January 2019 through June 2019 within Local 5 OH, cover group 1.

28. The most recent 12 months for which Defendant reported hours to the Plaintiff for covered work performed in Local 7 OH, cover group 1 was January 2018 through December 2018.

29. During these 12 months, Defendant reported a total of 2,820 hours, or an average of 235 hours per month for covered work performed in Local 7 OH, cover group 1.

30. The applicable contribution rate payable to the Plaintiff for work performed in Local 7 OH, cover group 1, during the period of January 2019 through May 2019 was $1.22 per hour, and during the period of June 2019 through the present is $1.28 per hour.

31. The Defendant therefore owes estimated monthly contributions of $286.70 per month during each month from January 2019 through May 2019, and estimated monthly contributions of $300.80 per month during each month from June 2019 through the present. Defendant therefore owes the Plaintiff $1,734.30 (($286.70 x 5 months + ($300.80 x 1 month)) in estimated contributions for covered work performed during January 2019 through June 2019 within Local 1 NY, cover group 66.

32. Under the Collection Procedures and ERISA, the Defendant also owes interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed.

33. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the

Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

34. The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

**COUNT III**

**(AMOUNTS OWED FOR LATE CONTRIBUTION PAYMENTS)**

35. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 34 as if fully set forth in this Count III.

36. Defendant paid the contributions owed for work performed in Local 5 OH, cover group 1, under the Collective Bargaining Agreements during the months October 2017 through November 2017, February 2018, March 2018 through June 2018, August 2018 through September 2018, and November 2018 after the due date.

37. Defendant paid the contributions owed for work performed in Local 7 OH, cover group 1, under the Collective Bargaining Agreements during the months October 2017, December 2017, March 2018 through May 2018, June 2018, and August 2018 through September 2018 after the due date.

38. Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the International Pension Fund is entitled to assess employers that submit required monthly fringe benefit contributions by the due date for such payments with

interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the late paid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total late paid contributions.

39. Defendant failed to submit its contributions for work performed in Local 5 OH, cover group 1, during the months October 2017 through November 2017, February 2018, March 2018 through June 2018, August 2018 through September 2018, and November 2018 by the due date for such payments. Defendant therefore owes, and has failed to pay to the Plaintiff, the interest plus the greater of additional interest or liquidated damages owed as a result of these late payments.

40. Defendant failed to submit its contributions for work performed in Local 7 OH, cover group 1, during the months October 2017, December 2017, March 2018 through May 2018, June 2018, and August 2018 through September 2018 by the due date for such payments. Defendant therefore owes, and has failed to pay to the Plaintiff, the interest plus the greater of additional interest or liquidated damages owed as a result of these late payments.

41. The Plaintiff is entitled to judgment against the Defendant for liquidated damages on the late paid contributions in the amount of $4,338.16 ($3,743.83 for Local 5 OH, cover group 1 + $594.33 for Local 7 OH, cover group 1) (calculated at the rate of 20% of the late paid contributions), plus interest to be calculated at the rate of 15% per annum from the due date of each payment.

**WHEREFORE,** Plaintiff prays judgment on Count I as follows:

A. For unpaid contributions due and owing to the Plaintiff for work performed within Local 5 OH, cover group 1, during the months July 2017, September 2017, and May 2018, in the amount of $1,335.28, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of

interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

   B. For unpaid contributions due and owing to the Plaintiff for work performed within Local 7 OH, cover group 1, during the months August 2017 and May 2018 through December 2018, in the amount of $166.91, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

   C. For estimated unpaid contributions in the amount of $7,294.04 due and owing to the Plaintiff for work performed during the months of January 2019 through June 2019 in Local 5 OH, cover group 1, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

D. For estimated unpaid contributions in the amount of $1,734.30, due and owing to the Plaintiff for work performed during the months of January 2019 through June 2019 in Local 7 OH, cover group 1, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

E. For $3,743.83 in liquidated damages (calculated at the rate of 20% of the delinquent contributions) for late paid contributions owed for work performed in Local 5 OH, cover group 1, under the Agreements during the months October 2017 through November 2017, February 2018, March 2018 through June 2018, August 2018 through September 2018, and November 2018, plus interest to be calculated at the rate of 15% per annum from the due date of each payment, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

F. For $594.33 in liquidated damages (calculated at the rate of 20% of the delinquent contributions) for late paid contributions owed for work performed in Local 7 OH, cover group 1, under the Agreements during the months October 2017, December 2017, March 2018 through May 2018, June 2018, and August 2018 through September 2018, plus interest to be calculated at the rate of 15% per annum from the due date of each payment, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection

Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

G. Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

H. For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

I. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: August 9, 2019   **O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By:   /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 9th day of August 2019, on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for Plan Benefits Security

                                                  /s/     Charles W. Gilligan
                                                          Charles W. Gilligan