# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, ) ) ) ) Plaintiff, ) ) v. ) ) MASONRY CONTRACTING ) CORPORATION, ) ) Defendant. ) ) | Case No. 19-cv-02412 (APM) |

## MEMORANDUM OPINION

Before the court is Plaintiff Bricklayers & Trowel Trades International Pension Fund's Motion for Entry of Judgment by Default. *See* Pl.'s Mot. for Default J., ECF No. 7 [hereinafter Pl.'s Mot.]. Having reviewed and considered Plaintiff's Motion and the supporting evidence, the Motion is granted. The court will enter judgment against Defendant Masonry Contracting Corporation in the amount of $23,802.35, with interest to accrue on this amount at the statutory rate.

Entry of default judgment is appropriate in this case. "To warrant a default judgment, the defendant must be considered a totally unresponsive party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of a default, and the motion for a default judgment." *Teamsters Local 639-Emp'rs Health Trust v. Boiler and Furnace Cleaners, Inc.,* 571 F. Supp. 2d 101, 107 (D.D.C. 2008) (internal quotation marks omitted). That standard is met here. Defendant failed to respond to Plaintiff's Complaint and has not taken any other action indicating an intent to defend itself in this matter. *See generally Bricklayers & Trowel*

*Trades Int'l Pension Fund v. Masonry Contracting Corp.*, No. 1:19-cv-2412 (D.D.C. filed Aug. 9, 2019). Accordingly, the court finds that entry of default judgment is proper.

The court also has made an "independent determination" of the sum to be awarded. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Under Section 515 of the Employee Retirement Income Security Act ("ERISA"), "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. In an action concerning delinquent contributions, ERISA directs the court to award the plan: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of either interest on the unpaid contributions or liquidated damages; (4) reasonable attorney's fees and costs; and (5) other appropriate relief. *Id.* § 1132(g)(2). "The unpaid contributions, interest, and liquidated damages are considered 'sums certain,' because their calculations are mandated by ERISA and party agreements." *Boland v. Yoccabel Const. Co.*, 293 F.R.D. 13, 18 (D.D.C. 2013); *see also Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002). On the other hand, attorney's fees are not considered a "sum certain" because the reasonableness of the fees is a "'judgment call' which only the Court can make." *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984).

Here, the court has considered the Declaration of David F. Stupar, Plaintiff's Executive Director, and the exhibits accompanying his declaration. *See* Decl. of David F. Stupar in Support of Pl'.s Mot., ECF No. 7-3, at 2–33. The declaration and exhibits establish (1) the amount of contributions owed based on actual reports submitted by Defendant and estimates of work performed ($12,424.60); (2) the accrued interest on unpaid contributions ($1,039.15); and

2

(3) liquidated damages on unpaid contributions ($6,823.10). *See id.* ¶¶ 9–17; *see also* Summ. of Damages for Default J., ECF No. 7-2. Additionally, the court has reviewed the Declaration of Plaintiff's counsel, Charles W. Gilligan, and the accompanying exhibits, *see* Decl. of Attorney's Fees and Legal Costs, ECF No. 7-3 at 34–47, and concludes that the requested attorney's fees and costs are fair and reasonable ($3,515.50). Plaintiff seeks no other "appropriate relief."

Accordingly, for the foregoing reasons, the court grants Plaintiff's Motion for Entry of Default Judgment, ECF No. 7, and, pursuant to Federal Rule of Civil Procedure 55(b)(1), will enter Judgment in favor of Plaintiff in the amount of $23,802.35, with interest to accrue on this amount at the statutory rate.

A separate, appealable Judgment accompanies this Memorandum Opinion.

Dated: January 9, 2020

Amit P. Mehta
United States District Judge